IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIO DURAN | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:21-cv-3125 |
| | § | |
| v. | § | JURY |
| | § | |
| BRIDGESTONE RETAIL OPERATIONS, LLC | § | |
| | § | |
| Defendant. | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff MARIO DURAN (hereinafter "Duran") by and through his attorney Joshua A. Verde of The Verde Law Firm, PLLC, and for his Original Complaint against Defendant BRIDGESTONE RETAIL OPERATIONS, LLC (hereinafter "Defendant" or "Bridgestone"), does hereby state and allege as follows:

NATURE OF THE CASE

1. This is a suit for unpaid wages, overtime compensation, liquidated damages, attorney's fees, and costs under the Fair Labor Standards Act (FLSA).

INTRODUCTION, JURISDICTION AND VENUE

2. Plaintiff seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, *et. seq*.

3. Jurisdiction of this action is conferred on this Court by 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

4. Plaintiff was hired into and/or worked out of Defendant's "Firestone Complete Auto Care" facility in Spring, Harris County, Texas. Accordingly, venue lies within this District, pursuant to 28 U.S.C. § 1391.

5. At all times material herein, Plaintiff was entitled to the rights, protections and benefits provided under the Fair Labor Standards Act as amended, 29 U.S.C. § 201, *et. seq*.

## THE PARTIES

6. Plaintiff, Mario Duran, is an individual and citizen of the State of Texas.

7. Defendant Bridgestone Retail Operations, LLC. is a Delaware Corporation with its principal office location at 535 Marriott Drive, Nashville, TN 37214. It can be served with process through its registered agent, United Agent Group, Inc., 5444 Westheimer Road #1000, Houston, TX 77056.

## FACTUAL ALLEGATIONS

8. Defendant operates auto repair shops throughout the Houston area.

9. Duran was hired in July 2018 to work as a service manager. His primary job duties included sales, telephone service, retail, and mechanic work. Duran was initially hired to work at the Missouri City location. Duran was then sent to the Lack Jackson location and eventually transferred to Defendant's Spring, Texas location.

10. Duran's rate of pay was $20.00 per hour. He was never paid on a salary basis. Duran would frequently work more than forty (40) hours per work week and was often entitled to overtime pay.

11. Duran was not paid for all of his regular and overtime hours worked.

12. At both the Lake Jackson and Spring locations, Duran would be required to work more than forty (40) hours per week. His timecard punches would reflect this. However, his

managers would edit the time punches to reduce the recorded time to forty-four (44) hours per week. Duran often worked 50-55 hours per week.

13. Both of Duran's managers, Clint Sanford (Lake Jackson) and Gary Flores (Spring) would tell Duran that corporate policy required them to alter his time punches so he was never paid more than forty-four (44) hours per week.

14. On one occasion, Duran's managers failed to alter the time punches and they received an angry email from the corporate office asking why Duran had logged so many hours.

15. The improper timecard edits began in early 2020 and continued until Duran resigned in August 2021.

16. Defendant was aware of the number of hours Duran was working on an uncompensated basis. In fact, they expressly required him to work those hours unpaid. Any time Duran mentioned the unpaid time to supervisors, he was rebuffed. He was told it was corporate policy.

17. In his position as service manager, Duran did not have the authority to hire or fire employees.

18. Duran's primary work duty also did not involve the exercise of discretion and independent judgement with respect to matters of significance.

19. Duran's primary work also did not involve tasks that are predominantly intellectual in character or tasks that required advanced knowledge in a field of science or learning.

20. Management was not Duran's primary duty; nor were his suggestions and recommendations as to the hiring, firing, advancement, promotion or other change of status of other employees given any particular weight.

21. Duran was not in charge of any department or subdivision of the Defendant.

22. Defendant was notified on occasion – and should have known otherwise anyway – about their violations of the Fair Labor Standards Act.

23. Despite notice, Defendant failed to correct the violations.

24. Defendant's actions were willful and were taken with the knowledge that the acts violated the wage and hour provisions of the Fair Labor Standards Act.

25. Defendant is not engaged in the business of selling automobiles, trucks, or farm implements.

26. Initial calculations indicate that Duran is owed at least $50,000 in unpaid wage and overtime.

## CLAIMS FOR RELIEF
### (COUNT 1 – VIOLATIONS OF FAIR LABOR STANDARDS ACT)

27. Duran re-alleges and incorporates by reference the paragraphs state above as if they were set forth verbatim herein.

28. At all relevant times hereto, Defendant was an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

29. At all relevant times hereto, Defendant employed "employee[s]," including "managers" who were engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

30. At all relevant times hereto, Defendant was an enterprise whose business done was not less than $500,000 annually.

31. The acts of the supervisors complained of herein are the acts of the Defendant under respondeat superior.

32. The FLSA requires Defendant, as a covered employer, to compensate all non-exempt employees or all hours worked, and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

33. Duran is entitled to compensation for all hours worked.

34. Duran is entitled to be paid overtime compensation for all overtime hours worked; overtime compensation includes the overtime premium as provided for within the FLSA.

35. At all relevant times hereto, Defendant, pursuant to their policies and practices, failed and refused to compensate Duran for work performed in excess of forty-four (44) hours per week.

36. At all relevant times hereto, Defendant engaged in a knowing and willful policy, pattern, and/or practice of requiring or permitting Duran to perform work in excess of forty (40) hours per week without compensation, including overtime compensation.

37. At all relevant times hereto, the overtime work performed by Duran was required or permitted by Defendant, for the benefit of Defendant, and was directly related to Duran's principal employment with Defendant. Further, Duran's overtime work was an integral and indispensable part of his employment with Defendant.

38. Defendant violated the FLSA by failing to pay Duran for all hours actually worked and by failing to pay Duran at least one-and-a-half times his regular rates of pay for all hours worked in excess of forty (40) in a work week.

39. These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201, *et. seq*.

40. The FLSA also imposes specific employment record-keeping requirements, including the obligation to keep accurate records of all hours worked. By failing to record, report, and/or preserve records of hours worked by Duran, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine his wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et. seq.*, including 29 U.S.C §§ 211(c) and 215(a). These violations were knowing and willful within the meaning of 29 U.S.C. § 201, *et. seq*.

41. Duran is entitled to the burden-shifting provisions regarding proof of hours worked as set out in <u>Anderson v. Mt. Clemens Pottery Co.</u> due to the violations of Defendant.

42. As a result of Defendant's violations of applicable law, Duran is entitled to recover from Defendant, the amount of his unpaid wages and overtime compensation, an additional equal amount as liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), prejudgment interest, attorney's fees, litigation expenses and court costs pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

(COUNT 2 – BREACH OF ORAL CONTRACT)

43. Defendant's and Duran entered to an enforceable oral contract concerning wage for hours worked. Specifically, Defendant agreed to pay Duran hourly for all work performed for Defendant. The Defendant breached this contract when they failed to pay Duran for the hours he worked. As a result of Defendant's breach, Duran suffered economic damages.

ATTORNEY'S FEES AND LIQUIDATED DAMAGES

44. Duran seeks to recover her attorney's fees and costs pursuant to the FLSA and Chapter 38 of the Texas Civil Practice and Remedies Code.

45. Duran seeks liquidated damages as permitted by the FLSA.

## LEAVE TO AMEND

46. Duran reserves the right to amend this Complaint as indicated by the law and as the facts dictate.

## JURY DEMAND

47. Duran requests a trial by jury.

WHEREFORE, premises considered, Plaintiff Mario Duran prays that Defendant be summoned to appear herein and answer; further plaintiff prays and requests:

a. that this Honorable Court enter a declaratory judgment, declaring that Defendant have willfully and wrongfully violated their statutory obligations under the FLSA and deprived Duran of the protections and entitlements provided him under the law;

b. that this Honorable Court order a complete and accurate accounting of all the compensation to which Duran is entitled;

c. that this Honorable Court enter a judgment in favor of Duran and award Duran monetary damages in the form of back-pay compensation (including overtime), liquidated damages equal to his unpaid compensation, plus interest thereupon;

d. that this Honorable Court award Duran his attorney's fees and costs of the action; and

e. such other and further relief as the Court deems just and proper.

Dated: September 24, 2021

Respectfully submitted,

THE VERDE LAW FIRM, PLLC

/s/ Joshua A. Verde
Joshua A. Verde
attorney-in-charge
State Bar No. 24077590
Fed ID No. 1760723
4600 Highway 6 North, Suite 320
Houston, TX 77084
Phone: 713-909-4347
Fax: 713-588-2431
josh@verde-law.com

ATTORNEY FOR PLAINTIFF
MARIO DURAN